Stuart Price, Esq. (SBN: 150439)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: 818-907-2030
F: 818-205-3730
E: stuart@pricelawgroup.com
Attorney for Plaintiff,
Anait Avetisyan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANAIT AVETISYAN,<br><br>Plaintiff,<br><br>vs.<br><br>CITIBANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC; EQUIFAX INFORMATION SERVICES, LLC and TRANS UNION, LLC.<br><br>Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATION OF:**<br><br>1. THE FAIR CREDIT REPORTING ACT [15 USC § 1681 et. seq.]<br><br>2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, [CAL. CIV. CODE § 1785.25(a)]<br><br>3. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788 et. seq.] |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, Anait Avetisyan ("Plaintiff"), through her attorneys, alleges the following against Defendants, Citibank, N.A. ("Citibank"), Experian Information Solutions, Inc ("Experian"), Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union").

COMPLAINT AND DEMAND FOR JURY TRIAL

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., which prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information.

2. Count II of Plaintiff's Complaint is based upon the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 et seq. ("CCCRAA"), which prohibits furnishers from reporting incomplete or inaccurate information.

3. Count III of Plaintiff's Complaint is based upon the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 et. seq., which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

**PARTIES**

1. Plaintiff Anait Avetisyan is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in:  Los Angeles County, California.

2. Defendant Citibank is a global bank that provides consumers, corporations, governments and institutions with a broad range of financial products and services, including consumer banking and credit, corporate investment banking, securities brokerage, transaction services, and wealth management. Citibank's main headquarters is in New York City, New York and regularly transacts business throughout the United States including California and can be served at 818 W 7th St, Ste 930, Los Angeles, CA 90017.

COMPLAINT AND DEMAND FOR JURY TRIAL

3. Defendant Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f)).  On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626.

4. Defendant Trans Union is a *credit reporting agency*, as defined in 15 USC 1681a(f)). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union can be served through its principal place of business located at 1901 Avenue of the Stars, Suite 700, Los Angeles, California, 90067.

5. Defendant Equifax is a credit reporting agency, as defined in 15 USC 1681a(f).  On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

6. On information and belief, Experian disburses the *consumer reports* to third parties under contract for monetary compensation.

7. On information and belief, Trans Union disburses the *consumer reports* to third parties under contract for monetary compensation.

COMPLAINT AND DEMAND FOR JURY TRIAL

8. On information and belief, Equifax disburses the consumer reports to third parties under contract for monetary compensation.

9. At all relevant times, all Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

10. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

11. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants transacts business in this district, as such personal jurisdiction is established.

## FACTUAL ALLEGATIONS

12. In April of 2016, Plaintiff received two statements for her two Sears credit cards.

13. The Citibank/Sears account ending in 0535 had a balance of $183.97 and the account ending in 7719 had a balance of $195.44.

14. Like most, if not all, previous payments made towards the sears accounts, Plaintiff entered a Sears department store, on May 9, 2017, to make a payment on her two (2) Citibank/Sears credit accounts; account ending in 7719 and account ending in 0535.

15. Plaintiff gave two-hundred dollars ($200) to the Sears representative and instructed the representative to apply one-hundred dollars ($100) to each of her Citibank/Sears accounts; $100 to on Sears account ending in 7719 and $100 to account ending in 0535.

16. The Sears representative accepted the funds and confirmed the payments were applied.

COMPLAINT AND DEMAND FOR JURY TRIAL

17. Shortly thereafter, Plaintiff received her June statement from Citibank indicating a balance that included late fees and an interest charge; neither account indicated the payment of two-hundred-dollars ($200) made on May 9, 2016.

18. Plaintiff immediately contacted Citibank to notify them of the incorrect balances.

19. Citibank representative informed Plaintiff that they could not locate the payment that she made on or about May 9, 2016. The Citibank representative informed Plaintiff that they would investigate and pending the outcome of the investigation no payments were required.

20. On or about July 15, 2016, Plaintiff received a letter from Citibank stating that the account ending in 0535 was three months past due and threatened to send the account to a collection agency.

21. After some time, an escalation representative informed Plaintiff the two-hundred-dollar ($200) payment had been located and confirmed that it had been received at the Sears store; but the entire payment had been improperly applied to the account ending in 7719.

22. If the entire payment had been applied to the sears account ending in 7719, Plaintiff would have had a partial credit on the account.

23. The Citibank representative further informed Plaintiff that the sears account ending in 0535 had an outstanding balance and late fees; which continued to accrue.

24. The Citibank representative explained to Plaintiff the late fees would be removed, any derogatory credit reporting removed, and a new statement to be issued for payment on the sears account ending in 0535.

COMPLAINT AND DEMAND FOR JURY TRIAL

25. From in or around June of 2016 until in or around November of 2016, Plaintiff received a month to month statement that indicated she was late on both accounts.

26. Plaintiff grew frustrated because the late charges were not removed from the balances on either sears account, like she was promised.

27. Plaintiff placed multiple calls and spent countless hours on the phone with Citibank trying to resolve the issues on her accounts.

28. Plaintiff decided to draft a letter on November 28, 2016, which referenced both accounts and stated the misapplication of funds was not something she should be penalized for. Plaintiff demanded corrections be made to both accounts [*See attachment, Exhibit A*].

29. Plaintiff faxed the letter to Sears/Citibank on December 2, 2016.

30. On or about December 9, 2016, Plaintiff received a response from Citibank. The letter stated Citibank had applied the funds from Plaintiff to the account ending in 7719 and would not transfer a portion of the funds to the account ending in 0535.

31. On January 3, 2017, Plaintiff decided to pull a credit report.

32. After reviewing her Trans Union credit report, Plaintiff realized that Citibank was reporting both sears accounts to Trans Union as delinquent.

33. Plaintiff later pulled a three-bureau credit report on February 9, 2017.

34. After pulling the report plaintiff learned that all three credit reporting agencies began reporting the sears account ending in 0535 as delinquent.

35. On or about February 16, 2017, Plaintiff sent dispute letters to all three credit reporting agencies by certified mail; Defendants Trans Union, Experian and Equifax.

COMPLAINT AND DEMAND FOR JURY TRIAL

36. Plaintiff included her name, address, date of birth and social security number ("ssn"); however, Plaintiff mistyped her ssn by 1 digit.

37. Upon information and belief, the credit reporting agencies do not require an exact ssn match to identify consumers.

38. Plaintiff was concerned she would not receive responses from the bureaus due to the mistyped ssn, so on or about March 14, 2017, Plaintiff sent a second dispute to all three credit reporting agencies.

39. Plaintiff received a response from Trans Union on March 21, 2017; The substance of Plaintiff's disputes were identical, other than to correct the social security number.

40. Trans Union continued to report the account ending in 7719 as having been late 30 days in July of 2016 and 60 days late in August 2016, and then no longer reported a payment history past August 2016.

41. Trans Union also continued to report the account ending in 0535 as having been late 30 days in May of 2016; 60 days late in June of 2016; 90 days late in July of 2016; 120 days late in August, September and October of 2016; and then reported the account as charged off in November and December of 2016 and January of 2017.

42. Experian and Equifax failed to respond to Plaintiff's first dispute dated February 16, 2017.

43. On or about April 11, 2017, Plaintiff received a response from Experian to her second dispute dated March 14, 2017.

44. Experian failed to remove the lates and instead began reporting the account ending in 0535 as charged off in November 2016.

COMPLAINT AND DEMAND FOR JURY TRIAL

45. Further, Experian deleted the account ending in 7719 from the credit report.

46. Equifax failed to respond to Plaintiff's dispute dated March 14, 2017.

47. On or about May 13, 2017, Plaintiff sent one last dispute to Equifax.

48. Once again, Equifax has failed to respond to Plaintiff's third dispute. To date, Equifax has not responded to any of Plaintiff's disputes.

49. Hoping that Equifax may have corrected the reporting of the sears accounts after three disputes, Plaintiff pulled a new Equifax credit report on August 25, 2017.

50. Plaintiff learned that one sears account was still reporting a balance of $479, as well as 30 days late in May of 2016; 60 days late in June of 2016; 90 days late in July of 2016; 120 days late in August, September, and October of 2016; and then reported charged-off in November 2016.

51. Defendant Sears continues to report inaccurate information to Defendants Trans Union, Experian and Equifax.

52. The inaccurate credit reporting by the Defendants has misled prospective lenders to believe that Plaintiff failed to make her payments.

53. Up until this specific incident with Sears Plaintiff has had immaculate credit.

54. The inaccurate reporting on Plaintiff's credit report and multiple efforts to resolve with Sears has caused Plaintiff emotional distress and mental anguish.

### COUNT I – FIRST CLAIM OF RELIEF
### Violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.*

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

COMPLAINT AND DEMAND FOR JURY TRIAL

56. The FCRA requires furnishers, such as Citibank, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an  investigation with respect to disputed information, to review all information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnishes has provided the inaccurate information.

57. Since May 2016 and until the present, Citibank has provided inaccurate information to Equifax and Transunion.

58. During that time, Plaintiff notified Citibank, Experian, Equifax, and Transunion that the reported account late payment was incorrect.

59. Defendant Citibank is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    (a)    willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    (b)    Willfully and negligently failing to report the results of the investigations to the relevant consumer reporting agencies;

    (c)    Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (d)    Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit

COMPLAINT AND DEMAND FOR JURY TRIAL

reporting agencies concerning the inaccurate information disputed by Plaintiff;

(e)  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

(f)  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

60. Defendant Citibank, conduct was a direct and proximate cause, as well as a substantial factor, in causing serious damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

61. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable investigation to determine whether the disputed information is inaccurate, or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

62. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the

COMPLAINT AND DEMAND FOR JURY TRIAL

consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information by the consumer."

63. Experian, Equifax and Transunion, the credit reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

64. Defendants Experian, Equifax and Transunion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

65. As a result of the above-described violations of 15 U.S.C. § 1681i and § 1681e(b), Plaintiff has sustained damages.

66. Defendants Experian, Equifax and Transunion violations of the FCRA were willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## COUNT II – SECOND CLAIM FOR RELIEF
**Defendant Citibank violated the California Consumer Credit Reporting Agencies Act, (CCCRAA), California Civil Code §§1785.25(a)**

67. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

68. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

69. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the

COMPLAINT AND DEMAND FOR JURY TRIAL

credit reporting agency of that determination and provide corrections to the credit

reporting agency that is necessary to make the information complete and accurate.

70. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of

any information on a specific transaction or experience provided to a credit

reporting agency is disputed by the consumer, the furnisher may not continue

reporting the information unless it provides a notice to the credit reporting agency

that the information is disputed by the consumer.

71. Defendant, by and through their agents and employees, violated the provisions of

the California Consumer Credit Reporting Agencies Act by furnishing information

on the Plaintiff to one or more credit reporting agencies although Defendant knew,

or consciously avoided knowing, that the information was inaccurate.

72. Based on these violations of California Civil Code § 1785.25, Plaintiff is entitled to

the remedies afforded by California Civil Code § 1785.31, including actual

damages, attorney's fees, pain and suffering, injunctive relief, and punitive

damages in an amount not less than $100 nor more than $5,000, for each violation

as the Court deems proper.

## COUNT III – THIRD CLAIM OF RELIEF
**Defendant Citibank Violated the Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788 *et. seq.***

73. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at

length herein.

74. Defendant Citibank willfully and knowingly violated the RFDCPA when it sent letters

and made phone calls to Plaintiff in an attempt to collect money from Plaintiff.

COMPLAINT AND DEMAND FOR JURY TRIAL

75. Defendant Citibank willfully and knowingly violated the RFDCPA when it sent letters to Plaintiff stating that Plaintiff was past due on her payments.

76. As a result of the foregoing violations of the RFDCPA, Defendant Citibank is liable to Plaintiff under Cal. Civ. Code § 1788.30 for actual damages, statutory damages, and attorney's fees and costs.

<u>**REQUEST FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

A.  Actual damages;

B.  Statutory damages;

C.  Punitive Damages;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o, and Cal. Civ. Code § 1788.30;

E.  Any pre-judgment and post judgment interest as may be allowed under the law; and

F.  For such other and further relief as the Court may deem just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 13th day of September 2017.

**PRICE LAW GROUP, APC**

By: /s/ Stuart M. Price
Stuart Price, CA# 150439
T: 818-907-2133
E: stuart@pricelawgroup.com
Attorneys for Plaintiff  Anait Avetisyan

COMPLAINT AND DEMAND FOR JURY TRIAL